UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

JIM MEINING,

      Plaintiff,

v.

COLLECTCORP CORPORATION, a Delaware Corporation

      Defendant

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant has a registered agent in Colorado located at 1675 Broadway, Suite 1200, Denver, Colorado 80202.

## PARTIES

8. Plaintiff Jim Meining is a natural person who resides in the City of Platteville, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Collectcorp Corporation (hereinafter "Defendant") is a Delaware corporation operating from an address of 455 North 3rd Street, Suite 260, Phoenix, Arizona and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant is registered as a debt collection company with the Office of the Colorado Attorney General's licensing division, license number 988944.

## FACTUAL ALLEGATIONS

11. On March 28, 2011 the Plaintiff was contacted by the Defendant by way of telephone at his place of employment.

12. The Defendant by and through an agent/employee named "Jim Scedellero" demanded that the Plaintiff make a payment on debt that the Plaintiff disputed.

13. When the Plaintiff refused to pay or provide information, the Defendant's employee/agent became abusive, hostile by insisting that the Plaintiff make some sort of payment arrangement.

14. The call terminated when the Plaintiff hung up on the employee/agent of the Defendant.

15. On April 6, 2011 "Jim Scedellero" again contacted the Plaintiff at his place of employment by way of telephone and again used harsh, abrasive and harassing words in an effort to get the Plaintiff to make payments on a disputed debt.

16. Again, the Plaintiff terminated the telephone call by hanging up on the employee/agent.

17. The debt the Defendant is attempting to collect upon stems from a an alleged Bank of America credit card..

18. On April 21, 2011 the Plaintiff sent the Defendant a registered letter demanding that the Defendant cease further telephone contact with him and also demanding that the Defendant validate the alleged debt.

19. The Defendant, has failed to provide validation of the debt as required by the FDCPA, 15 U.S.C. §1692g(b).

20. In disregard to the Plaintiff's written demand to cease telephone contact and to validate the debt, the Defendant started contacting the Plaintiff at his work by telephone on October 18, 2011.

21. The Plaintiff's work telephone voicemail is not used exclusively by the Plaintiff and can be accessed by others at his work location, including his supervisors.

22. The messages left by the Defendant with recklessness regard concerning who besides the Plaintiff may hear said messages violates the FDCPA 15 U.S.C. §1692c(b).

23. In the Plaintiff's letter sent on April 21, 2011 the Defendant was advised to not have contact with the Plaintiff particularly by way of telephone at his place of employment.

24. In blatant disregard of the Plaintiff's demand to cease contact with him at work, the Defendant has made numerous efforts to harass the Plaintiff at his place of employment.

25. Such conduct violates the FDCPA, 15 U.S.C. §1692c(a)(3).

26. The alleged debt that the Defendant is attempting to collect upon is a debt stemming from personal, family or household purposes as defined by 15 U.S.C §1692a(5).

27. The Plaintiff has no business relationship with the Defendant.

### *Respondeat Superior Liability*

28. The acts and omissions of the individual collectors, acting as agents employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with its principal, Defendant.

29. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit its principal, Defendant.

31. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

### **CAUSES OF ACTION**

### **COUNT I.**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

**TRIAL BY JURY**

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com

s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
Attorneys for Plaintiff